UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARTIN SHLYAKHOV, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:15-cv-184-WTL-MJD |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Martin Shlyakhov requests judicial review of the final decision of the Defendant, Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Shlyakhov's application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

### I.    APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous

work, but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled, despite his medical condition and other factors. 20 C.F.R. § 404.1520(b).[1] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits his ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, he is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific

---

[1] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not required to address every piece of evidence or testimony," she must "provide some glimpse into her reasoning . . . [and] build an accurate and logical bridge from the evidence to her conclusion." *Dixon*, 270 F.3d at 1176.

## II. BACKGROUND

Shlyakhov protectively filed for DIB and SSI on January 31, 2012, alleging that he became disabled on November 28, 2011, primarily due to degenerative disc disease of the thoracic and cervical spine, history of hernia status post-surgical repair, depression, anxiety, and alcohol abuse.[2] Shlyakhov was born on July 30, 1951, and he was fifty-one years old on the alleged disability onset date. He is a native of Russian-speaking Ukraine and completed the equivalent of at least high school education there. Shlyakhov has past relevant work experience as a fluorescent lamp replacer and building maintenance laborer.

Shlyakhov's application was denied initially on May 3, 2012, and upon reconsideration on August 3, 2012. Thereafter, Shlyakhov requested and received a hearing in front of an Administrative Law Judge ("ALJ"). A hearing, during which Shlyakhov was represented by counsel, was held by ALJ Monica LaPolt on August 26, 2013. The ALJ issued her decision denying Shlyakhov's claim on December 10, 2013; the appeals council denied Shlyakhov's request for review on January 13, 2015. Shlyakhov then filed this timely appeal.

---

[2] The Court notes that Shlyakhov's initial application focused on physical impairments. This list contains the impairments that the ALJ found to be severe, not all impairments Shlyakhov asserts. See Dkt. No. 13-2 at 19.

3

### III.     THE ALJ'S DECISION

The ALJ determined that Shlyakhov will meet the insured status requirements of the Social Security Act through December 31, 2016.  The ALJ determined at step one that Shlyakhov had not engaged in substantial gainful activity since November 28, 2011, the alleged onset date.  At steps two and three, the ALJ concluded that Shlyakhov had the severe impairments of "degenerative disc disease of the thoracic and cervical spine; history of hernia that needed surgical repair; depression; anxiety; and alcohol abuse," but that his impairments, singly or in combination, did not meet or medically equal a listed impairment.  Dkt. No. 13-2 at 18-19.  At step four, the ALJ determined that Shlyakhov had the following RFC:

> I find that [Shlyakhov] retains the residual functional capacity for less than a full range of light work.  In this regard, the claimant can frequently balance, stoop, kneel, crouch, crawl, and climb ramps and stairs.  He is able to occasionally climb ladders, ropes, or scaffolds.  In addition, the claimant is able to understand, remember, and follow simple instructions.  Within these parameters, and in the context of performing simple, routine, repetitive, concrete, and tangible tasks, he is able to sustain the attention and concentration skills sufficient to carry out work-like tasks with reasonable pace and persistence.  He would not be able to have any transactional interaction with the public.

*Id.* at 27.  Given this RFC, the ALJ determined that Shlyakhov was unable to perform any past relevant work.  However the ALJ found that, considering Shlyakhov's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform.  Accordingly, the ALJ concluded that Shlyakhov was not disabled as defined by the Act.

### IV.     EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Shlyakhov's brief (Dkt. No. 17) and need not be recited here.  Specific facts are set forth in the discussion section below where relevant.

## V. DISCUSSION

In his brief in support of his appeal, Shlyakhov advances several objections to the ALJ's decision. He argues that the ALJ (1) did not base her decision on substantial evidence because she ignored evidence of Shlyakhov's schizophrenia diagnosis and did not properly evaluate Shlyakhov's literacy level; and (2) erred at Step Five because she gave an incomplete hypothetical to the Vocational Expert ("VE") at the hearing.

### A. Substantial Evidence

#### *1. Schizophrenia*

Shlyakhov contends that the ALJ's decision is not supported by substantial evidence because she ignored a debilitating impairment in her review of his claim. Dkt. No. 17 at 12. Specifically, Shlyakhov argues that the ALJ did not consider Shlyakhov's schizophrenia diagnosis in a June 14, 2013 assessment.[3] *Id.* (citing Dkt. 13-10 at 35).

The Court agrees with Shlyakhov. The ALJ did not consider the June 14, 2013, assessment, nor did she consider or even acknowledge much of the medical record related to Shlyakhov's psychotic disorder. She discussed Dr. Steven Steinkeler's treating physician statement regarding psychiatric care for possible schizophrenia, but gave it no weight because it "is not the opinion of a mental health professional." Dkt. No. 13-2 at 27. She also noted that Shlyakhov received in November 2012 a "psychiatric assessment, but no ongoing treatment, at the Osman Clinic." *Id.* at 24. She did not, however, acknowledge that, in that particular assessment, Dr. Vahid Osman diagnosed Shlyakhov with a psychotic disorder and included in his treatment plan Risperdal, an antipsychotic medication. *See* Dkt. No. 13-9 at 36.

---

[3] The Court notes that the assessment was created by Gordon Hermann, a licensed clinical social worker, and does not expressly diagnose Shlyakhov with schizophrenia. Instead, it lists "Schizophrenia, Residual Type" as a diagnostic impression.

More glaring than these errors is the ALJ's complete failure to even mention the Aspire mental health clinicians' repeated reference to Shlyakhov's diagnosis of "Psychotic Disorder [not otherwise specified]." *See* Dkt. No. 13-10 at 6; 16; 18; 20; 25. The ALJ concluded that "[t]reatment at the Aspire mental health clinic was mostly for alcohol abuse, and not depression or anxiety." Dkt. No. 13-2 at 24. While that might be true, the ALJ completely ignored the records from Aspire's doctors and social workers that clearly indicate that, in addition to alcohol abuse, they treated Shlyakhov on a continuing basis for an "[i]nadequately [c]ontrolled" "Psychotic Disorder [not otherwise specified]." *See* Dkt. No. 13-10 at 11; 23; 38.

The ALJ also erred when she concluded that "[t]he record further does not show any significant psychotropic medication program." Dkt. No. 13-2 at 24. In addition to the Osman Clinic's treatment plan record prescribing Shlyakhov Risperdal in November 2012, many medical records from Aspire indicate Shlyakhov was taking antipsychotic medications, including Saphris, Abilify, and Risperdal, to treat his psychotic disorder. *See* Dkt. No. 13-10 at 11; 18; 20; 23-26; 36. In addition, the ALJ directly questioned Shlyakhov at the hearing regarding schizophrenia, hearing voices, and antipsychotic medications, Dkt. No. 13-2 at 46-49, but did not refer to any of this testimony in her opinion.

The regulations require the ALJ to have considered all of the records discussed above. 20 C.F.R. § 416.927(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). The ALJ's failure to reference these documents and testimony or even acknowledge Shlyakhov's psychotic disorder diagnosis requires remand. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) ("A decision denying benefits need not discuss every piece of evidence, but when an ALJ fails to support her conclusions adequately, remand is appropriate."). On remand, the ALJ must consider all of the medical evidence of record, including the Aspire clinic's records

6

related to Shlyakhov's psychotic disorder, and thereafter, provide good reasons for the weight she affords these records. *See* 20 C.F.R. § 416.927(c).

Shlyakhov also argues that the ALJ failed to consider his combined impairments because she ignored his schizophrenia diagnosis. The ALJ stated that "[a]ll of the claimant's impairments, whether mentioned specifically by name or not, have been considered individually and in combination throughout [her] evaluation." Dkt. No. 13-2 at 19. The Court does not agree.

A claimant suffering from multiple impairments, none of which may individually meet a listed impairment, will be found to equal a listing if the findings related to those impairments are at least of equal medical significance to the findings of a closely analogous listed impairment. 29 C.F.R. § 404.1526(b)(3). Accordingly, "an ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) (citing 20 C.F.R. § 404.1523; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003)). *See also* 20 C.F.R. § 404.1544(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity.").

With respect to Shlyakhov's mental impairments, the ALJ specifically addressed that she analyzed Shlyakhov's depression, anxiety, and alcohol abuse, "singly [and] in combination," but she clearly did not take into account Shlyakhov's psychotic disorder in her evaluation of the combined effects of Shlyakhov's impairments. Although Shlyakhov does not specify which listing his mental impairments might meet or medically equal, the ALJ should consider and

substantively discuss on remand the effect of Shlyakhov's combined mental impairments, including his psychotic disorder, on her listing analysis.

### 2. *Literacy Level*

Shlyakhov argues that the ALJ's determination regarding his literacy level is not supported by substantial evidence because the ALJ did not adequately consider Shlyakhov's "difficulties processing written and spoken English." Dkt. No. 17 at 9. Shlyakhov further contends that, had the ALJ determined that he was illiterate, Medical Vocational Guideline 202.09, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (hereinafter referred to as the "Grid") required a finding of disability. Shlyakhov asserts that the ALJ erred in failing to apply the Grid and find him disabled because there was "sufficient evidence to support a finding of functional illiteracy." Dkt. No. 17 at 16.

Grid guideline 202.09 requires a finding of disability where a person is "closely approaching advanced age," "is illiterate or unable to communicate in English," and "has past relevant work that is unskilled." *Id.* The ALJ found that Shlyakhov was closely approaching advanced age and his past relevant work was unskilled. Dkt. No. 13-2 at 28. She determined, however, that Shlyakhov "ha[d] at least a high school education and [was] able to communicate in English." *Id.* The ALJ did not make a finding regarding Shlyakhov's literacy.

Grid guideline 202.09 requires a finding on whether the claimant is illiterate *or* unable to communicate in English. The relevant regulations elaborate on the meaning of "inability to communicate in English" as follows:

> Since the ability to speak, read and understand English is generally learned or increased at school, we may consider this an educational factor. Because English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of education the person may have in another language. Therefore, we consider a person's ability to communicate in English when we evaluate what work, if any, he

8

>or she can do. It generally doesn't matter what other language a person may be fluent in.

20 C.F.R. § 404.1564(b)(5).

The ALJ determined that Shlyakhov was able to communicate in English. She acknowledged that the record evidence indicated both that Shlyakhov "had some difficulty processing English" and also that he "was able to understand English adequately." Dkt. No. 13-2 at 24. The ALJ also noted that he had "some problems writing English," and that he testified that he could understand only about 40 percent of what he read. *Id.* at 24; 25, respectively. She further indicated that from her "personal observation at the hearing, [Shlyakhov] had no obvious difficulty understanding or responding to questions put to him by counsel or myself." *Id.* at 24. Substantial evidence in the record as a whole supports the ALJ's finding that Shlyakhov could communicate in English.

### B. Step Five Determination

Shlyakhov also argues that the ALJ erred at step five of her determination because she gave an incomplete hypothetical to the VE at the hearing. Specifically, Shlyakhov contends that the ALJ failed to provide a hypothetical to the VE that addressed limitations in Shlyakhov's concentration, persistence, and pace, despite having determined that Shlyakhov had moderate difficulties in maintaining concentration, persistence, and pace. Dkt. No. 17 at 14-15.

The failure of the ALJ to acknowledge and consider Shlyakhov's psychotic disorder diagnosis requires reevaluation of Shlyakhov's RFC and thus, also reassessment at step five of the ALJ's determination, which should include consideration of limitations in Shlyakhov's concentration, persistence, and pace.

## VI.   CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 3/21/16

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.